Ortiz Camón, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
El señor José Angel Lugo Sánchez recurre de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, en la cual se paralizó la ejecución de una sentencia de liquidación del caudal hereditario de su padre mediante la venta en pública subasta de uno de los bienes.
En su recurso el señor José Angel Lugo Sánchez plantea que la resolución recurrida esta en contravención con lo dispuesto por los artículos 1005 y 1006 del Código Civil de Puerto Rico, 31 L.P.R.A. sees. 2871 y 2872, en los cuales se establece que ningún heredero puede ser obligado a permanecer en la indivisión de la herencia.
Para dilucidar esta cuestión procede hacer una breve relación de las circunstancias en que se suscita.
II
El señor Lugo Sánchez presentó una demanda en la que solicito la división y liquidación del caudal hereditario de su padre. Luego de varios trámites procesales el Tribunal de Primera Instancia dictó sentencia por estipulación entre los herederos en la cual se autorizó la venta de los bienes pertenecientes al caudal; disponiéndose entre otras cosas lo siguiente:
*664 “"2. [S]e autoriza de común acuerdo la venta de una casa y solar radicada en la Urbanización El Retiro Número B-5, previa actualización de la tasación, la que se realizará en 30 días a partir de esta sentencia y teniendo la parte demandada 30 días para objetar la tasación.

3. Las partes de común acuerdo llevarán a cabo la división y partición de la herencia según se vayan vendiendo las propiedades liquidando la sociedad legal de gananciales, pagando el usufructo y dividiendo entre los herederos el caudal.

7. Las partes tendrán el término de seis meses para vender la propiedad cita en la Urbanización El Retiro. Transcurrido dicho término, dentro de 90 días se podrá ordenar la venta por [conducto] de un corredor de bienes raíces. De no lograrse la venta en esta forma, se vendería en pública subasta.”

Posteriormente, la parte recurrida presentó una moción oponiéndose a la venta en pública subasta de la casa y solar ubicada en la Urbanización El Retiro, Núm. B-5 en Humacao. Luego de celebrar una vista, el Tribunal de Primera Instancia denegó la moción señalando que en la sentencia por estipulación se dispuso sobre la referida venta en pública subasta, por lo que le ordenó al recurrente que la solicitara. No obstante, los recurridos presentaron una segunda moción en la que se opusieron a la venta en pública subasta del referido inmueble, por lo que el Tribunal de Primera Instancia señaló una segunda vista. Mientras tanto, el recurrente solicitó la venta en pública subasta según le había sido previamente ordenado. Celebrada esa segunda vista el Tribunal de Primera Instancia denegó la solicitud de vender la propiedad en pública subasta y concedió un término de seis meses para que la propiedad se venda privadamente. Esta es la resolución cuya revisión se solicita.
III
Los artículos 599 y 609 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2081 y see. 2091 establecen que la sucesión es la transmisión de los derechos y obligaciones del difunto a sus herederos y que heredero es aquel que sucede a título universal. De tal modo, cuando los llamados a ser herederos aceptan la herencia se produce lo que la doctrina ha denominado como cotitularidad sobre patrimonio relicto o comunidad hereditaria. Sin embargo, el Código Civil de Puerto Rico no regula de forma detallada la figura de la comunidad hereditaria.
El Tribunal Supremo de Puerto Rico, al interpretar la figura de la comunidad hereditaria, aclaro que ésta termina con la partición de la herencia y que la partición de la herencia es el acto jurídico mediante el cual los herederos, quienes hasta ese momento son únicamente titulares de una cuota abstracta sobre la totalidad del caudal hereditario, convierten sus participaciones indivisas en la herencia en bienes determinados o cuotas sobre bienes determinados. Sucn. Sepúlveda v. Registrador, 125 DPR 401, 405 (1990) y Arrieta v. Chinea Vda. de Arrieta, 95 JTS 157, p. 354
Los artículos 1005 y 1006 del Código Civil, 31 L.P.R.A. see. 2871, 2872, hacen referencia a la comunidad hereditaria y establecen lo siguiente:

“Artículo 1005- Ningún coheredero podrá ser obligado a permanecer en la indivisión de la herencia, a menos que el testador prohíba expresamente la división. Esta prohibición no alcanzara a los bienes que constituyen la legítima de los herederos.

En todo caso, la división tendrá siempre lugar mediante alguna de las causas por las cuales se extingue la sociedad.

Artículo 1006- Todo coheredero que tenga la libre administración y disposición de sus bienes, podrá pedir en cualquier tiempo la partición de la herencia.

Por los incapacitados y por los ausentes deberán pedirla sus representantes legítimos."

Ambos artículos establecen claramente que ningún coheredero puede ser obligado a permanecer en la indivisión de la herencia, a menos que el testador prohíba expresamente la división y que aún con la prohibición no podrá extenderse a los bienes que constituyen la legítima de los herederos. Sin embargo, en todo caso la división tendrá siempre lugar mediante alguna de las causas por las cuales se extingue la sociedad. 
*665 No obstante, el Código Civil de Puerto Rico establece unas situaciones en las que se puede suspender la partición de la herencia. Estas son: (1) cuando la viuda alega haber quedado embarazada, artículo 921, 31 L.P.R.A. sec. 2718; (2) cuando los acreedores del causante se oponen a la partición en tanto no se pague o afiance sus créditos, artículo 1035, 31 L.P.R.A. sec. 2931; (3) cuando en la sucesión testamentaria hay herederos sujetos a condición, artículo 1007, 31 L.P.R.A. see. 2873; y (4) cuando unos herederos incoan una acción de impugnación de legitimidad contra otro heredero, artículos 116 y 117, 31 L.P.R.A. see. 464 y 465.
Del expediente de este caso no surge la existencia de alguna de las circunstancias por las que se puede suspender la partición de la herencia. Sólo surge la existencia de un manifiesto y constante deseo del recurrente de salirse de la indivisión hereditaria y una sentencia por estipulación final y firme que le autoriza ejercitar su derecho a dividir y liquidar el caudal hereditario.
La Regla 43.1 de las de Procedimiento Civil establece que una sentencia es aquella que resuelve finalmente la cuestión litigiosa y de la cual puede apelarse. Una vez el Tribunal de Primera Instancia dicta una sentencia sin que nadie recurra de ésta, dicha sentencia se convierte en final, firme y ejecutable, lo que impide al Tribunal de Primera Instancia entrar a considerar cualquier aspecto en el caso por razón de que la sentencia dictada constituye cosa juzgada entre las partes. Dumont v. Inmobiliaria, 113 DPR 406, 413 (1982); J. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones JTS, 1988, Vol. II, Cap. 8, p. 276.
Por otro lado, la Regla 51 de las de Procedimiento Civil establece que una parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento que en ella se establece. De tal modo, en armonía con lo dispuesto en la sentencia dictada en este caso y lo provisto por la Regla 51.3 de las de Procedimiento Civil, y en el caso de que la casa y solar ubicado en el B-5 de la Urbanización El Retiro en Humacao no se haya vendido mediante compraventa privada, el señor Lugo Sánchez tiene derecho a que el Tribunal de Primera Instancia ordene la venta judicial de la misma.
Por los fundamentos antes expuestos se expide el auto de certiorari solicitado y se ordena al Tribunal de Primera Instancia que inmediatamente provea para la venta judicial de la casa y solar ubicado en el B-5 de la Urbanización El Retiro mediante el procedimiento provisto en la Regla 51.3 de las de Procedimiento Civil.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General